FEDERAL COMMUNITY DEFENDER OFFICE
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Capital Habeas Unit

FEDERAL COURT DIVISION DEFENDER ASSOCIATION OF PHILADELPHIA

SUITE 545 WEST -- THE CURTIS CENTER
601 WALNUT STREET
PHILADELPHIA, PA 19106



ELLEN T. GREENLEE
DEFENDER

PHONE NUMBER (215) 928-0520
FAX NUMBER   (215) 928-0826
FAX NUMBER   (215) 861-3508

MAUREEN KEARNEY ROWLEY
CHIEF FEDERAL DEFENDER

December 2, 2008

Marcia M. Waldron, Clerk of Court
United States Court of Appeals for the
  Third Circuit
21400 United States Courthouse
601 Market St.
Philadelphia, PA  19106-1790
*Via Hand-Delivery*

Re:     *United States v. Hammer*, No. 06-9000 & 06-9001

## NOTICE OF SUPPLEMENTAL AUTHORITY
## PURSUANT TO FED. R. APP. P. 28

Dear Ms. Waldron:

Pursuant to Fed. R. App. P. 28(j) and this Court's ongoing obligation to assure itself of its jurisdiction, *e.g., Keefe v. Prudential*, 203 F.3d 218, 223 (3d Cir. 2000), we hereby submit to the Court supplemental authorities in support of Mr. Hammer's argument that, pursuant to *Andrews v. United States*, 373 U.S. 334 (1963), and *United States v. Stitt*, 459 F.3d 483 (2006), the Court lacks jurisdiction to hear the Government's appeal from the district court's order granting resentencing. *See* David

Paul Hammer's Response Regarding Jurisdiction, No. 06-9000 & 06-9001 (Sept. 7, 2006).

Subsequent to this Court's December 21, 2006 order declining to dismiss the Government's appeal for lack of jurisdiction, three Courts of Appeals have issued relevant authority:

- *United States v. Hayes*, 532 F.3d 349, 352 (5th Cir. 2008) (stating that, in *Andrews*, "the Supreme Court found that when a § 2255 petitioner is granted a resentencing, the government may not appeal that finding until *after* the resentencing occurs," and citing *Stitt* with approval).

- *United States v. Futch*, 518 F.3d 887, 892 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 396 ("We conclude that Futch's § 2255 proceeding was not final until he was resentenced on remand . . . . *Andrews* . . . held . . . that a district court's § 2255 order granting resentencing is not appealable until after resentencing.").

- *United States v. Hadden*, 475 F.3d 652, 662 (4th Cir. 2007) (citing *Stitt* with approval for the proposition that *Andrews* renders unappealable a district court's order for future capital resentencing, and summarizing *Andrews*: "the Supreme Court held that until the district court actually resentenced the petitioners, the § 2255 proceeding was not complete, and no appeal could be taken from the district court's order contemplating, but not accomplishing, the prisoners' resentencing").

These decisions continue an unbroken chain of authority finding no appellate jurisdiction to hear a government appeal under these circumstances.[1] With the exception of this Court's December 21, 2006 order, our research has uncovered no authority supporting the proposition that this Court has jurisdiction to hear the Government's present appeal.

Respectfully,

Matthew Stiegler
Assistant Federal Defender
Signing for All Counsel

cc: Gwynn X. Kinsey, Jr.

---

[1] *See United States v. Martin*, 226 F.3d 1042, 1048 (9th Cir. 2000); *United States v. McCoy*, 410 F.3d 124, 130-31 (3d Cir. 2005); *Mellon Bank v. Metro Communications, Inc.*, 945 F.2d 635, 640 (3d Cir. 1991); *Lowe v. United States*, 923 F.2d 528, 530 (7th Cir. 1991); *United States v. Duardi*, 514 F.2d 545, 547 (8th Cir. 1975); 15B Charles Alan Wright et al., *Federal Practice and Procedure* § 3919.9 (2008).