# FEDERAL COMMUNITY DEFENDER OFFICE
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## Capital Habeas Unit

FEDERAL COURT DIVISION DEFENDER ASSOCIATION OF PHILADELPHIA

SUITE 545 WEST -- THE CURTIS CENTER
601 WALNUT STREET
PHILADELPHIA, PA 19106

| | | |
|---|---|---|
| **ELLEN T. GREENLEE**<br>DEFENDER | PHONE NUMBER (215) 928-0520<br>FAX NUMBER    (215) 928-0826<br>FAX NUMBER    (215) 861-3508 | **MAUREEN KEARNEY ROWLEY**<br>CHIEF FEDERAL DEFENDER |

January 7, 2009

Marcia M. Waldron, Clerk of Court
United States Court of Appeals for the
  Third Circuit
21400 United States Courthouse
601 Market St.
Philadelphia, PA  19106-1790

Re:        *United States v. Hammer*, No. 06-9000 & 06-9001

## SECOND NOTICE OF SUPPLEMENTAL AUTHORITY
## PURSUANT TO FED. R. APP. P. 28

Dear Ms. Waldron:

Pursuant to Fed. R. App. P. 28(j), we hereby submit supplemental authorities

relating to the jurisdictional question before the Court.

On December 24, 2008, the Fourth Circuit issued *United States v. Stitt*, No. 07-

21, 2008 WL 5377687 (Attachment A).  This opinion notes that "[t]he Government

. . . contends that, under § 2255, the district court was not permitted to resentence Stitt

without calling a new sentencing jury."  Attachment A at 10; *accord* Brief of the

United States at 22, *United States v. Stitt*, No. 07-21 (4th Cir. 2007) (Attachment B) ("The district court did not have discretion under 28 U.S.C. § 2255 to refuse to empanel a new capital sentencing jury."). The Government's position in *Stitt* squarely contradicts its position in this case that courts lack authority to impanel sentencing juries in proceedings under § 2255 and that therefore grants of new penalty proceedings are immediately appealable, *see* Response of the United States Concerning Appellate Jurisdiction at 6-9, *United States v. Hammer*, No. 06-9000 (3d. Cir. Sept. 6, 2006). The Fourth Circuit held that "the district court erred by concluding that it lacked the statutory authority to convene a new sentencing jury." Attachment A at 22.

Hammer also directs the Court's attention to 18 U.S.C. § 3593 (2008) (Attachment C). Contrary to the Government's assertion that a capital sentencing hearing is a "new trial" within the meaning of § 2255(b), § 3593 repeatedly and exclusively refers to a capital resentencing proceeding as a "sentencing hearing" or "hearing," while using the term "trial" exclusively to refer to the guilt phase proceeding. Contrary to the Government's assertion that § 2255 courts lack authority to impanel sentencing juries, § 3593 provides without limitation that a judge shall conduct a capital sentencing hearing before a jury impaneled for the purpose of the hearing if reconsideration of the sentence is necessary, § 3593(b)(2)(D).

Together with *Andrews v. United States*, 373 U.S. 334 (1963), and *United*

*States v. Stitt*, 459 F.3d 483 (4th Cir. 2006), the attached authorities demonstrate that

this Court lacks jurisdiction to hear the Government's appeal from the district court's

order granting a new capital sentencing hearing.


Respectfully,

/s/ Matthew Stiegler

Matthew Stiegler
Assistant Federal Defender
Signing for All Counsel


cc:    Gwynn X. Kinsey, Jr.