# FEDERAL COMMUNITY DEFENDER OFFICE
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## Capital Habeas Unit

FEDERAL COURT DIVISION DEFENDER ASSOCIATION OF PHILADELPHIA

SUITE 545 WEST -- THE CURTIS CENTER
601 WALNUT STREET
PHILADELPHIA, PA 19106

| | | |
|---|---|---|
| **ELLEN T. GREENLEE**<br>DEFENDER | PHONE NUMBER (215) 928-0520<br>FAX NUMBER    (215) 928-0826<br>FAX NUMBER    (215) 861-3508 | **MAUREEN KEARNEY ROWLEY**<br>CHIEF FEDERAL DEFENDER |

February 17, 2009

Marcia M. Waldron, Clerk of Court
United States Court of Appeals for the
  Third Circuit
21400 United States Courthouse
601 Market St.
Philadelphia, PA  19106-1790


Re:        *United States v. Hammer*, No. 06-9000 & 06-9001

## THIRD NOTICE OF SUPPLEMENTAL AUTHORITY
## PURSUANT TO FED. R. APP. P. 28

Dear Ms. Waldron:

We submit this supplemental authority relating to the jurisdictional question before the Court.

On February 11, 2009, the Sixth Circuit issued *United States v. Lawrence*, 2009 WL 321631 (attached). There, the capital defendant moved for re-sentencing post-verdict, pursuant to Fed.R.Crim.P. 33 and 45, not § 2255. The district court granted the motion and ordered a new capital sentencing hearing. The Government appealed,

and the defendant argued that the appellate court lacked jurisdiction to hear the appeal prior to resentencing.

Although *Lawrence* holds that the court possesses jurisdiction to hear *that* appeal prior to resentencing, it supports Hammer's argument that the Court lacks jurisdiction to hear the Government's appeal in *this* case:

> *Andrews* remains good law, having recently been followed in several cases. *See . . . . United States v. Hadden*, 475 F.3d 652, 662-63 (4th Cir. 2007); *United States v. Stitt*, 459 F.3d 483, 485-86).
>
> This is not an appeal, however, from an order granting a §2255 motion to vacate, set aside or correct a sentence. This is an appeal under the Criminal Appeals Act, 18 U.S.C. § 3731, from an interlocutory, post-verdict motion for new trial in a capital case. In *Andrews*, the Court recognized that the Criminal Appeals Act has no applicability to an action under § 2255 . . . . Hence, insofar as *Andrew*'s holding is based on the language of § 2255, it has little instructive value in this case. Insofar as *Andrews* represents enforcement of the general rule against piecemeal appeals, its teaching is also limited inasmuch as § 3731, as amended in 1970, was "intended to remove all statutory barriers to Government appeals and to allow appeals whenever the Constitution would permit." *United States v. Wilson*, 420 U.S. 332, 337 (1975).
>
> . . . . Further, § 3731 expressly provides that its provisions "shall be liberally construed to effectuate its purposes."

*Id.* at *2. The inescapable implication is that the Sixth Circuit agrees that in § 2255 cases appellate courts lack jurisdiction to hear appeals from orders granting resentencing until the defendant is resentenced.

Like § 2255, § 3731 (the jurisdictional provision for appeals from post-verdict

2

orders) provides that appeals may be taken from orders granting a "new trial." Despite this superficial similarity, *Lawrence* does not support the Government's argument that an order granting resentencing is a new trial order within the meaning of § 2255. First, *Lawrence* relied heavily on § 3731's liberal construction provision, absent from § 2255. Second, § 3731 was construed in *Wilson* to remove any non-Constitutional barrier to appellate jurisdiction, while § 2255 was construed in *Andrews* as a clear statutory jurisdictional limit. Third, § 3731 contains no analog to § 2255's language permitting appeals from orders which resentence the defendant. *See United States v. Landmesser*, 378 F.3d 308, 313 n.8 (3d Cir. 2004) ("*expressio unius est exclusio alterius* means that explicit mention of one thing in a statute implies a congressional intent to exclude similar things that were not specifically mentioned." (internal quotation marks omitted)).

Respectfully,

/s/ Matthew Stiegler

Matthew Stiegler
Assistant Federal Defender
Signing for All Counsel

cc:    Gwynn X. Kinsey, Jr.

3