# FEDERAL COMMUNITY DEFENDER OFFICE
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## Capital Habeas Unit

FEDERAL COURT DIVISION DEFENDER ASSOCIATION OF PHILADELPHIA

SUITE 545 WEST -- THE CURTIS CENTER
601 WALNUT STREET
PHILADELPHIA, PA 19106

**ELLEN T. GREENLEE**
DEFENDER

PHONE NUMBER (215) 928-0520
FAX NUMBER     (215) 928-0826
FAX NUMBER     (215) 861-3508

**LEIGH M. SKIPPER**
CHIEF FEDERAL DEFENDER

May 1, 2009

Marcia M. Waldron, Clerk of Court
United States Court of Appeals for the
Third Circuit
21400 United States Courthouse
601 Market St.
Philadelphia, PA  19106-1790
**Electronically Filed**

Re:          *United States v. Hammer*, No. 06-9000 & 06-9001

## FOURTH NOTICE OF SUPPLEMENTAL AUTHORITY
## PURSUANT TO FED. R. APP. P. 28

Dear Ms. Waldron:

Pursuant to Fed. R. App. P. 28(j), we hereby submit *Cone v. Bell*, 07-1114 (slip

opinion attached), decided by the United States Supreme Court on April 28, 2009, as

supplemental  authority relating to the *Brady v. Maryland*, 373 U.S. 83 (1963), issue

before the Court.[1]

---

[1]Mr. Hammer continues to believe that this Court presently lacks jurisdiction
and offers supplemental authority on the Brady issue in event that the Court
disagrees.

*Cone* found that the state suppressed "probative evidence," involving witness observations of the defendant's personal drug use that could have supported Cone's mitigation presentation. Slip op. at 21.[2] These undisclosed statements involved individuals with direct observations of Cone before and after the murder, including witnesses that Cone presumably knew. Slip op. at 10, n. 10.

The fact that the suppressed evidence in *Cone* involved witness statements of the defendant's own conduct is strongly supportive of Mr. Hammer's *Brady* claim. In Mr. Hammer's case the government has argued that there can be no suppression when it is the defendant's conduct at issue, <u>i.e.</u> Mr. Hammer knew about his sexual practices, and therefore he had equal access to the witnesses who gave exculpatory statements to the government about Mr. Hammer's sexual practices regarding braided sheets. *Cone* is to the contrary.

In *Cone*, the Court stated that the undisclosed statements were relevant to whether Cone "had a far more serious drug problem than the prosecution was prepared to acknowledge . . . and might also have rebutted the State's suggestion that Cone had manipulated his expert witnesses into falsely believing he was a drug addict when in fact he did not struggle with substance abuse." Slip op. at 26. In *Hammer*, as found by the District Court, the undisclosed prisoner statements would have countered the Government's contentions regarding the substantial planning

---

[2]The case was remanded for a proper materiality analysis.

aggravating factor.  <u>United States v. Hammer</u>, 404 F. Supp.2d 676, 798-799 (M.D. Pa. 2006).

Respectfully,

/s/ Matthew Stiegler

Matthew Stiegler
Assistant Federal Defender
Signing for All Counsel

cc:    Gwynn X. Kinsey, Jr.